IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. RDB-17-0134 |
| **WARREN GREGORY BELCHER** | * | |

**MOTION *IN LIMINE* TO EXCLUDE STATEMENTS
MADE DURING PLEA NEGOTIATIONS**

The defendant, Warren Gregory Belcher, by and through counsel, hereby moves this Honorable Court to exclude statements made during plea negotiations on April 27, 2016, under Rule 410 of the Federal Rules of Evidence. In support of his motion, Mr. Belcher states as follows:

1. Mr. Belcher is charged with one count of corruptly impeding the internal revenue laws, in violation of 26 U.S.C. § 7212(a), and six counts of filing false tax returns, in violation of 26 U.S.C. §7206(1). Trial is scheduled to begin December 11, 2017.

2. On April 18, 2016, Special Agent Emily Taylor contacted Mr. Belcher to ask if he would be available to meet at the U.S. Attorney's Office in Baltimore, Maryland, with the attorneys investigating his case. Mr. Belcher agreed to do so.

3. On April 27, 2016, Mr. Belcher attended a meeting with Assistant U.S. Attorney Sean Delaney, Department of Justice Tax Attorney Melissa Siskind, and Special Agent Taylor at the U.S. Attorney's Office in Baltimore, Maryland. Mr. Belcher was not represented by counsel at the time of the meeting.

4. According to Agent Taylor's report of the April 27, 2016, meeting, upon the conclusion of the meeting, Mr. Belcher "agreed to review a draft plea agreement" and "requested a timeline as to when he would receive the draft plea." The government informed Mr. Belcher that he would receive a draft plea in the mail by the end of the next week.

1

5.      The government subsequently sent a draft plea agreement dated May 5, 2016, to Mr. Belcher's home address in Salisbury, Maryland.  The plea agreement was addressed to Mr. Belcher, and indicated that the offer was being extended by AUSA Delaney and DOJ Attorney Siskind, representing the government.

6.      The government has indicated its intent to introduce Mr. Belcher's April 27, 2016, statements at trial.

7.      Under Rule 410, the government may not seek to introduce as part of its case-in-chief at trial "statement[s] made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea."  Fed. R. Evid. 410(a)(4); see also Fed. R. Crim P. 11(f) ("The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.").  The statements must be excluded regardless of whether they were made by the defendant or by an attorney of the defendant authorized to do so.  United States v. Bridges, 46 F. Supp. 2d 462, 465 (E.D. Va. 1999).  Additionally, "statements made in an effort to initiate plea bargaining fall within the definition of plea discussions."  Id.; see also United States v. Ross, 588 F. Supp. 2d 777, 783 (E.D. Mich. 2008) ("[I]f a line can be drawn between [a meeting to negotiate a plea and a meeting to assess a party's interest in a plea], it is not bold enough to withstand Rule 410's effect.  The Court believes that such meetings, characterized as 'preliminary discussions' and 'proffers' by the government, constitute plea negotiations, albeit, perhaps, only in their nascent stages.  Nonetheless, admissions, concessions, revelations, or confessions made by a defendant (or a putative defendant) during such a conference fairly are characterized as 'statement[s] made in the course of plea discussions' within the meaning of Rule 410, and as such the defendant enjoys immunity from the use of those statements within the limits of Rule 410.").  "[W]hether the discussions between an accused

and law enforcement are plea negotiations protected by Rule 11[(f)] and Rule 410 is a decision driven by the specific facts and circumstances surrounding the interchange at issue." Bridges, 46 F. Supp. 2d at 465 (internal quotation marks omitted).

8. Rule 410 requires exclusion of Mr. Belcher's statements because they were made during the course of plea negotiations. Mr. Belcher was invited to meet with AUSA Delaney and DOJ Attorney Siskind, the attorneys prosecuting his case, at the U.S. Attorney's Office. During the meeting, the parties discussed a plea offer, as reflected in Special Agent Taylor's report that Mr. Belcher "was informed" that he would receive a plea offer by the end of the next week and that Mr. Belcher "agreed" to review a plea offer. Both AUSA Delaney and DOJ Attorney Siskind have the authority to extend plea offers on behalf of the government and, indeed, following the meeting with Mr. Belcher, sent a draft plea offer to his home.

9. Given the context of the meeting, taking place at the U.S. Attorney's Office with both the prosecuting attorneys, it was reasonable for Mr. Belcher to believe he was engaging in plea discussions when he agreed to meet with the government on April 27, 2016. Moreover, Mr. Belcher's subjective belief was objectively reasonable in light of the fact that the government stated that it would be sending Mr. Belcher a plea offer the following week and did, in fact, subsequently do so. See Bridges, 46 F. Supp. 2d at 465 n.12 (citing cases adopting a two-part analysis for determining whether statements were made during plea negotiations: (1) whether the accused exhibited a subjective intent to engage in plea negotiations at the time in question; and (2) whether the subjective intent was objectively reasonable given the totality of the circumstances).

10. Excluding Mr. Belcher's statements is also appropriate in light of the fact that admitting them would cast AUSA Delaney and DOJ Attorney Siskind as potential witnesses in this matter. Should a discrepancy arise between Special Agent Taylor's and Mr. Belcher's

recollections of the April 27, 2016, meeting, the defense may need to call either AUSA Delaney or DOJ Attorney Siskind to resolve the inconsistency.  See EEOC v. Bardon, No. RWT-08-1883, 2010 WL 323067, at *1 (D. Md. Jan. 19, 2010) (stating that a lawyer shall not "act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . the testimony relates to an uncontested issue" (quoting Md. Rule of Prof. Conduct 3.7(a)(1))).

11.    Finally, even if not made during plea negotiations, Mr. Belcher's statements were, in the alternative, made in an effort to initiate plea bargaining or were part of the government's efforts to gauge his interest in a guilty plea and, thus, must be excluded under Rule 410.

WHEREFORE, Mr. Belcher respectfully requests that this Honorable Court exclude his statements made during plea negotiations.

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender
         for the District of Maryland

        _____/s/_____
        ELIZABETH G. OYER (#95458)
        SHARI SILVER DERROW (#19181)
        Office of the Federal Public Defender
        100 South Charles Street
        Tower II, 9th Floor
        Baltimore, Maryland  21201
        Telephone:  (410) 962-3962
        Facsimile:   (410) 962-0872
        Email:  Liz_Oyer@fd.org
               Shari_Derrow@fd.org