# IN THE UNITED STATES DISTIRCT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Crim No. RDB-17-134 |
| | * | |
| **WARREN GREGORY BELCHER,** | * | |
| | * | |

## MOTION IN LIMINE TO EXCLUDE SELF-SERVING HEARSAY

The United States of America, by and through undersigned counsel, respectfully moves this Court to preclude the defendant from introducing his own out-of-court statements. Such statements constitute hearsay and are inadmissible under Federal Rule of Evidence 802. In support of this motion, the government states as follows:

1. At the trial of the above-captioned matter, the government intends to introduce statements that the defendant made in documents, such as letters to the IRS and insurance companies, and to third parties, such as tax return professionals and IRS employees. These statements are admissible and do not constitute hearsay because they are statements of an opposing party. Fed. R. Evid. 801(d)(2)(A).

2. There is no exclusion from or exception to the hearsay rule that permits the defendant to introduce his own out-of-court statements. United States v. Hassan, 742 F.3d 104, 134-35 (4th Cir. 2014); United States v. Lentz, 524 F.3d 501, 526 (4th Cir. 2008); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996).

3. The reason for prohibiting a defendant from introducing his out-of-court self-serving exculpatory statements through the testimony of others is simple: allowing such testimony "would be tantamount to allowing [the defendant] to testify without being subject to cross examination," which is exactly what the hearsay rule forbids. United States v. Hoffecker,

530 F.3d 137, 192 (3d Cir. 2008).  See also United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (quoting United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988)); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985).  Of course, the defendant has the right not to testify at trial.  But to the extent he wishes to put exculpatory statements before the jury, then he must subject himself to cross-examination on them.

4. For these reasons, the Court should preclude the defendant from introducing his own out-of-court statements.

Respectfully submitted,

STEPHEN M. SCHENNING
Acting U.S. Attorney

By: _____/s/_____
MELISSA S. SISKIND (DC # 984681)
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 972
Washington, DC 20044
Telephone: (202) 305-4144
Fax: (202) 514-8455
melissa.s.siskind@usdoj.gov

SEAN R. DELANEY
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Telephone: (410) 209-4913
Fax: (410) 962-3091
Sean.Delaney@usdoj.gov